IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



BANNER LIFE INSURANCE COMPANY,

    Plaintiff,

v.                                       Civil Action No. 2:11cv198

JOHN W. BONNEY
as Administrator of
the ESTATE OF CLYDE B. PITCHFORD, JR., et al.

    Defendants.

## OPINION AND ORDER

On April 5, 2011, plaintiff Banner Life Insurance Company ("Banner") filed a Complaint for Interpleader naming a number of defendants in this case. On May 31, 2011, Banner filed an Amended Complaint for Interpleader ("Amended Complaint") adding several defendants to this case. Equity Trust Custodian FBO Howard Lewin IRA, Equity Trust Custodian FBO Gary B. Kahn Roth IRA, and Equity Trust Custodian FBO Roberto M. Aguinaga Roth IRA (collectively, "Equity Trust Claimants") were named as Defendants in both the Complaint and the Amended Complaint. The Court issued a summons on the Complaint for the Equity Trust Claimants, through Defendants Lewin IRA, Kahn IRA, and Aguinaga IRA on April 18, 2011. Defendant Lewin IRA was served with the Complaint on May 12, 2011. Defendants Kahn IRA and Aguinaga IRA were served with the Complaint on June 13, 2011.

Defendant Lewin IRA did not file any responsive pleadings by the June 3, 2011, deadline imposed by Federal Rule of Civil Procedure 12(a)(1)(A). Neither Defendant Kahn IRA nor

Defendant Aguinaga IRA filed any responsive pleadings by the July 5, 2011 deadline imposed by Federal Rule of Civil Procedure 12(a)(1)(A). Accordingly, on August 24, 2011, pursuant to Banner's request, the Clerk of Court entered a default judgment against the Equity Trust Claimants, pursuant to Federal Rule of Civil Procedure 55(a).

On September 21, the Equity Trust Claimants filed an Answer to the Amended Complaint and Crossclaims against Defendants. On September 26, 2011, the Equity Trust Claimants filed a Response to Banner's Request for Entry of Default. In their Response, Claimants assert that, in failing to timely respond to Banner's Complaint for Interpleader, they did not conduct themselves in bad faith or intend to delay the proceedings. Banner does not oppose the Equity Trust Claimants' request that the Court set aside the Clerk's Entry of Default.

The Court finds in the interests of justice and for good cause shown, the Equity Trust Claimants' request for removal of default is hereby **GRANTED** and the answer submitted by the Equity Trust Claimants on September 21, 2011, is hereby ordered filed. The Clerk of Court is **DIRECTED** to send a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

_____
Robert G. Doumar
Senior United States District Judge

Norfolk, Virginia
October 14, 2011