

FILED
OCT 21 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

BANNER LIFE INSURANCE COMPANY,
    Plaintiff,

v.                                                                    Civil Action No. 2:11cv198

JOHN W. BONNEY
as Administrator of
the ESTATE OF CLYDE B. PITCHFORD, JR., et al.
    Defendants.

## OPINION AND ORDER

This matter comes before the Court upon the Partial Motions to Dismiss of Defendants John W. Bonney, as Administrator of the Estate of Clyde B. Pitchford, Jr. ("the Estate")[1], and Gale Beasley ("Defendant Beasley"), filed with this Court on July 18, 2011. For the reasons stated herein the Partial Motion to Dismiss by the Estate is **DENIED** and the Partial Motion to Dismiss by Gale Beasley is **DENIED**.

Clyde B. Pitchford, Jr. ("Mr. Pitchford") was a citizen of Virginia and the principal and director of a corporation called 20-20 Recruiting, Incorporated. Plaintiff Banner Life Insurance Company ("Plaintiff") is a corporation existing under the laws of Maryland with its principal place of business in Maryland. Plaintiff's Complaint for Interpleader, filed April 5, 2011, names as Defendants John W. Bonney[2], as Administrator of the Estate, Gale Beasley, as the original

---

[1] Following an Order entered by the Circuit Court of Southampton County disqualifying Attorney John Bonney as the Administrator of the Estate, this Court, by Order dated October 18, 2011, granted Mr. Bonney's Motion for Leave to Withdraw as Counsel. For the purposes of this Order, the Court reads the Partial Motion to Dismiss filed by Defendant John W. Bonney, as Administrator of the Estate of Clyde B. Pitchford as a Motion filed on behalf of the Estate. Thus, Mr. Bonney's withdrawal as Counsel has no effect on the disposition of this Motion.

[2] Plaintiff's initial Complaint for Interpleader names "John M. Bonney" as the Administrator of the Estate. However, this Court takes it under advisement that the correct name is "John W. Bonney," as has been stated on all subsequent pleadings.

beneficiary under the insurance Policy, twenty-six additional individuals and John and Jane Does 1-50. Plaintiff's Amended Complaint for Interpleader, filed May 31, 2011, adds an additional fourteen defendants, and removes Clyde B. Pitchford, Sr., as a named defendant. The individuals listed as defendants in the Amended Complaint for Interpleader are citizens of Georgia, Virginia, New Mexico, New York, Tennessee, Washington, Florida, South Dakota, Ohio and Texas. None of the defendants is a citizen of Maryland. This Court has subject matter jurisdiction over Plaintiff's Amended Complaint for Interpleader based on the diversity of the parties, pursuant to 28 U.S.C. § 1332. As the face amount of the policy in question is $1,000,000, the amount in controversy exceeds $75,000, as required by § 1332.

By its Amended Complaint for Interpleader, Plaintiff seeks to interplead the proceeds of the life insurance policy of Clyde B. Pitchford, Jr. and to determine the proper beneficiary or beneficiaries under the policy.

## I. FACTUAL AND PROCEDURAL HISTORY

On November 16, 2005, Plaintiff issued a life insurance policy ("the Policy") to insure the life of Clyde B. Pitchford, Jr. The Policy had a "face amount" of approximately $1,000,000, which Plaintiff promised to pay to the beneficiary or beneficiaries of the Policy upon Mr. Pitchford's death, assuming the Policy was still in force at such time. (Pl.'s Am. Compl. Interpleader 14.) In his insurance application, Mr. Pitchford named his sister, Gale Pitchford Wagner[3], as the primary beneficiary of the Policy, granting her one-hundred percent (100%) of the Policy proceeds. (Id. at 15.) Mr. Pitchford named his father, Clyde B. Pitchford, Sr. as the

---

[3] Gale Pitchford Wagner is hereafter referred to as Gale Beasley in light of other documents submitted to Plaintiff by Mr. Pitchford referring to his sister as "Gale Beasley" and in light of documents filed by "Gale Beasley" to this Court.

contingent beneficiary, granting him one-hundred percent (100%) of the Policy proceeds in the event the primary beneficiary pre-deceased the insured. (Id.)

The Policy contained the following provisions relating to the insured's right to name beneficiaries:

<u>Beneficiary</u>

Unless otherwise provided by written notice to us, the beneficiaries are named in the application.

<u>Change in Beneficiary</u>

During the insured's lifetime, the owner may change the beneficiary designation unless he or she has waived the right to do so. No beneficiary change will take effect until a written notice is received at our administrative office. Such changes will become effective on the date written notice is received by us. All changes will be subject to any payment made by us before notice was received.

(Id. at 14.) On April 9, 2009, Denise Vaughan from Innovative Underwriters sent to Plaintiff via facsimile a document ("List of Beneficiaries") allegedly signed by Mr. Pitchford which purported to change the beneficiaries of the Policy. (Id. at 15.) The List of Beneficiaries named, in addition to Gale Beasley in the amount of $100,000, twelve additional intended beneficiaries in amounts ranging from $10,000 to $327,025. (Id. at 15-16.) In response, Plaintiff sent a letter to Mr. Pitchford advising that it could not process the beneficiary changes he submitted until he included percentage amounts for each beneficiary. (Id. at 16.) Mr. Pitchford never resubmitted a beneficiary change form listing the percentage amounts. (Id.) However, on June 14, 2010, Plaintiff received via facsimile an additional beneficiary designation for Equity Trust Company in the amount of "$900,000 - .09 percent." (Id.) Plaintiff promptly sent a letter to Mr. Pitchford advising that in order to process his beneficiary change request, the percentages of all beneficiaries under the Policy must add up to 100%. Mr. Pitchford never submitted such a beneficiary change form. (Id.)

On January 26, 2011, Mr. Pitchford died in his home. Plaintiff received notice of Mr. Pitchford's death on January 31, 2011. (Id.) Beginning on February 16, 2011, Plaintiff began receiving letters from certain individuals and entities whom Mr. Pitchford had named in the "List of Beneficiaries" asserting claims against the Policy. (Id. at 17.) As the bases for these claims, each of these individuals cited a Promissory Note and a factoring contract or series of factoring contracts for various amounts purportedly entered into by Mr. Pitchford and/or 20-20 Recruiting, Inc. or by Mr. Pitchford on behalf of the same. (Id. at 17-26.) The contracts cited by these claimants purport to assign the principal amounts on the respective contracts to the respective claimants from the Policy proceeds. (See id.)

In order to resolve these claims and to determine the proper beneficiary or beneficiaries under the Policy, Plaintiff filed an Amended Complaint for Interpleader to request that this Court enter an Order demanding that Defendants interplead to resolve any dispute about the proper beneficiaries of the Policy. In its Amended Complaint, Plaintiff further requested that this Court allow Plaintiff to pay the proceeds of the Policy into the Court's registry to be disbursed by the Court upon resolution of this matter, and that it enjoin Defendants from commencing any action against Plaintiff with reference to the proceeds of the Policy. (Id. at 27.)

Several of the Defendants named in Plaintiff's Complaint for Interpleader filed Answers to the Complaint and staked claims to the interpleaded funds. Defendant John Bonney, as Administrator of the Estate ("Defendant the Estate"), and Defendant Gale Beasley ("Defendant Beasley") timely filed their Answers to the Complaint. After Plaintiff filed its Amended Complaint for Interpleader as a matter of course, Defendant the Estate and Defendant Beasley again timely filed Answers and Claims to the interpleaded funds.

In response to the Answers filed by Defendants the Estate and Beasley, Defendants Howard Lewin, Barbara Lewin, Scott M. Lewin, Barbara Chambers, Leanne F. Eben, Samuel Gerstein, Barry L. Kahn, Yolanda Kahn, Sunwest Trust, Inc. FO Barry L. Kahn Roth IRA, Sunwest Trust, Inc. FBO Barbara Lewin IRA, Sunwest Trust, Inc. FBO Scott M. Lewin IRA, and Donald Thrailkill ("collective Defendants") filed a joint responsive pleading which included crossclaims against Defendants the Estate and Beasley. The Crossclaim contains six separate counts. Count I alleges a state-law claim for fraud and civil conspiracy against the Estate and Gale Beasley. Count II alleges a state-law claim for negligent misrepresentation against the Estate. Count III of the Crossclaim alleges breach of contract against the Estate. Count IV of the Crossclaim alleges unfair business practices against the Estate under the New Mexico Unfair Practices Act, NMSA 1978, Section 57-12-1, et. seq.. Count V alleges fraudulent transfer against Gale Beasley. Finally, Count VI requests creation of a constructive trust against the interpleaded funds.

On July 18, 2011, Defendants the Estate and Beasley each filed separate Partial Motions to Dismiss the collective Defendants' Crossclaim. In support of its Partial Motion to Dismiss, Defendant the Estate contends that Counts I, II, III and IV of the Crossclaim should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, the Estate argues that the Crossclaim does not satisfy Federal Rules of Civil Procedure 8(a)(1) or 13(g). Defendant Beasley similarly advocates dismissal of Counts I and V under Rule 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[4]

---

[4] In the "Summary of the Argument" segment of her Memorandum in Support of Defendant's Partial Motion to Dismiss, Defendant Beasley erroneously argues in favor of dismissal of Counts I and IV of the collective

## II. ANALYSIS

### A. *Defendants' Partial Motion to Dismiss Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction*

#### 1. Standard of Review

A federal court sitting in diversity must apply the substantive law of the forum state, including its choice of law rules. Colgan Air, Inc. v. Raytheon Aircraft Co., 507 F.3d 270, 275 (4th Cir. 2007) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941)). However, procedural matters are determined according to federal law. Erie R. Co. v. Tompkins, 304 U.S. 64, 91 (1938); Hottle v. Beech Aircraft Corp., 47 F.3d 106, 109 (4th Cir. 1995) (reciting the "general rule that a federal court is to apply state substantive law and federal procedural law in diversity cases"). Because the legal standard governing a motion to dismiss pursuant to Rule 12(b)(1) is a procedural matter, it is governed by federal law.

A defendant may challenge subject matter jurisdiction under Rule 12(b)(1) either by contending that the complaint fails to allege sufficient facts upon which subject matter jurisdiction can be based or by alleging that the jurisdictional allegations of the complaint are not true. Kerns v. U.S., 585 F.3d 187, 192 (4th Cir. 2009). Where the defendant challenges the actual existence of subject matter jurisdiction, the Court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993). The burden of proving subject matter jurisdiction always lies with the plaintiff. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

---

Defendants' crossclaims. (Def. Beasley's Mem. in Supp. of Partial Mot. Dismiss 3.) As is noted elsewhere in the Motion itself and in the supporting memorandum, Defendant Beasley is named only in Counts I and V of the collective Defendants' crossclaim. Thus, this Court finds that Defendant Beasley's Partial Motion for Dismissal challenges Counts I and V – and not Count IV – under Rules 12(b)(1) and 12(b)(6).

This Court's subject matter jurisdiction over crossclaims is governed by Federal Rule of Civil Procedure 13(g), which states, in pertinent part, "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action." Fed. R. Civ. P. 13(g). For crossclaims to be proper, they must either carry an independent basis for subject matter jurisdiction or must fall under the Court's supplemental jurisdiction. See 28 U.S.C. §§ 1331, 1332, 1367; Capital One v. Arabia, No. 5:10-cv-619-Oc-10KRS, 2011 WL 4346577, *2 (M.D. Fla. Sept. 16, 2011); Amco Constr. Co. v. Miss. State Bldg. Comm'n, 602 F.2d 730, 732-33 (5th Cir. 1979) (Rule 13(g) permits courts to exercise supplemental jurisdiction over crossclaims as under 28 U.S.C. § 1367(a)).

2. Discussion

This Court has subject matter jurisdiction over Plaintiff Banner Life Insurance Company's original Complaint for Interpleader, filed pursuant to Federal Rule of Civil Procedure 22(a)(1), based on the complete diversity of the parties under 28 U.S.C. § 1332. The collective Defendants thus contend that "[t]his Court, having diversity jurisdiction and venue at the inception of this case, continues to have jurisdiction over all claims to the stake herein." (Collective Def.'s Crossclaim ¶ 7.) They further argue that, "[t]o the extent that the Crossclaims asserted herein do not relate directly to the rights to the interpleaded funds, this Court has diversity jurisdiction, pendent jurisdiction, or supplemental jurisdiction over those Crossclaims." (Collective Def.'s Crossclaim ¶ 9.)

In order for this Court to properly entertain the collective Defendants' Crossclaim, there must be not only subject matter jurisdiction – either on an independent ground or through supplemental jurisdiction – but the claims must also arise out of the same transaction or occurrence which forms the basis of Plaintiff's Complaint for Interpleader. 28 U.S.C. §§ 1331,

1332, 1367; Fed. R. Civ. P. 13(g). Indeed, Federal Rule of Civil Procedure 13(g) states that a crossclaim is proper only if it "arises out of the same transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). Because no federal cause of action is alleged in this case, the sole plausible bases for jurisdiction are through diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367.

In their Crossclaim, the collective Defendants state that Crossclaimants Barbara Chambers and Donald Thrailkill are citizens of Texas, that Crossclaimants Leann F. Eben and Scott Lewin are citizens of Illinois, that Crossclaimants Gerstein, Kahn, and Lewin are citizens of New Mexico, and that Crossclaimants Sunwest Trust, Inc., the IRA custodian for the benefit of Barry L. Kahn Roth IRA, Barbara G. Lewin IRA, and Scott M. Lewin IRA, is a New Mexico corporation. (Collective Def.'s Crossclaim ¶¶ 1-4.) Moreover, the collective Defendants assert that Defendants the Estate and Beasley are citizens of Virginia. (Id. at ¶ 6.)

It is "well-established" that in cases based solely on diversity of citizenship, no plaintiff may be a citizen of any state of which any defendant is also a citizen. Strawbridge v. Curtiss, 7 U.S. 267 (1806). It is equally well-established that complete diversity must be apparent from the pleadings. John Birch Soc'y v. Nat'l Broad. Co., 377 F.2d 194, 197 (2d Cir. 1967). For purposes of assessing diversity, "a corporation shall be deemed to be a citizen of any state in which it is incorporated *and* of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). "If a complaint fails to allege a corporation's principal place of business, and if there is a possibility that a party's citizenship, through its principal place of business, might destroy diversity, then the pleading is insufficient to establish diversity." Neat-

N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd., 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991) (citing John Birch Soc'y, 377 F.2d at 198).

In their Crossclaim, the collective Defendants nowhere allege the principal place of business of Sunwest Trust, Inc.. Their pleading of diversity is thus "patently deficient" because "it shelters the possibility that [Sunwest Trust, Inc.] may have its principal place of business in the same jurisdiction" as Defendant the Estate or Defendant Beasley. Neat-N-Tidy Co., 777 F. Supp. 1153, 1157. Therefore, the only possible way that this Court can properly exercise jurisdiction over collective Defendants' Crossclaim is through supplemental jurisdiction.

28 U.S.C. § 1367 states that, "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The collective Defendants argue that their claims "go directly to the issue of the equities under which the Court must decide what portion of the policy proceeds goes to each party in this interpleader action," and that this provides an adequate basis for supplemental jurisdiction. (Mem. in Resp. to Def. Bonney's Partial Mot. Dismiss 3.) As noted, the Crossclaim must also satisfy the requirements of Rule 13(g), which supplies a stricter standard than does § 1367. Rather than requiring that the supplemental claims simply "relate" to the original cause of action, Rule 13(g) requires that such claims arise out of the same transaction or occurrence as the original claim. Fed. R. Civ. P. 13(g). Defendants the Estate and Beasley argue that the collective Defendants fail to allege how the Crossclaims arise from the transaction or occurrence of the original interpleader claim filed by Plaintiff Banner. (Mem. in Supp. Def. Estate's Partial Mot. Dismiss 7.)

The Interpleader action which forms the basis of this case is a request for determination of how to disburse Policy funds. Each claim in the Crossclaim alleges misconduct on the part of either or both the Estate or Gale Beasley relating to statements allegedly made by Mr. Pitchford to the respective claimants that he was assigning Policy benefits to such claimants in satisfaction of certain factoring contracts. If the claims alleged in the Crossclaim – including fraud and civil conspiracy against the Estate and GaleBeasley (Count I), negligent misrepresentation against the Estate (Count II), breach of contract against the Estate (Count III), unfair practices under New Mexico law against the Estate (Count IV), and fraudulent transfer against Gale Beasley (Count V) – are proved, such a finding would undoubtedly bear upon the appropriate distribution of Policy funds. It is true, as Defendants the Estate and Beasley argue, that the Interpleader action and the Crossclaim arise from separate contracts. However, if the collective Defendants could prove their claims, this may entitle some or all of them to collect under the Policy, and thus are substantially related to Plaintiff's Interpleader action. We thus find that these claims "relate" to the original Complaint for Interpleader and that they arise out of the same transaction or occurrence – namely, Mr. Pitchford's allegedly unlawful conduct in assigning Policy benefits – as the initial Complaint.

This Court has discretion not to exercise supplemental jurisdiction over claims under 28 U.S.C. § 1367(a) if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Indeed, it is well established that supplemental jurisdiction "is a doctrine of discretion, not of right." United Mine Workers v. Gibbs, 383 U.S. 715, 726; see also Jordahl v.

Democratic Party of Virginia, 122 F.3d 192, 203 (4th Cir. 1997) ("The doctrine of supplemental jurisdiction . . . 'is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in a manner that most sensibly accommodates a range of concerns and values.'").

Defendants the Estate and Beasley urge the Court to decline to exercise supplemental jurisdiction over the Crossclaim on the grounds that to do so would substantially predominate the Interpleader Action and confuse the issues present therein. In support of these contentions, they state that the collective Defendants are ten individuals, each of whom has alleged four or five claims against either or both the Estate and Gale Beasley, each of which asserts a separate state law cause of action. Moreover, they argue that, because the events giving rise to each of the collective Defendants' claims occurred, in some instances, in different jurisdictions, the choice of law analysis alone would add substantial confusion to this suit. Indeed, it is conceivable that the trier of fact would have to apply Virginia law to a particular claim between one of the collective Defendants and Defendants the Estate and Beasley, and New Mexico law to the same claim between another one of the collective Defendants and Defendants the Estate and Beasley.

This Court shares these concerns about the risk of confusion for any potential jury. However, the other factors which this court must consider in determining whether it is appropriate to exercise supplemental jurisdiction – "judicial economy, convenience and fairness to litigants" – substantially outweigh any such concerns. Indeed, a concern for judicial economy alone counsels heavily in favor of trying all of the issues that have arisen out of Mr. Pitchford's Policy in a single, consolidated action. Defendants the Estate and Beasley assert that "[t]he ten [collective Defendants] are all certainly subject to depositions and each of them reside outside of this Court's territorial jurisdiction" as a grounds for dismissal. (Def. Estate's Reply to Collective Def.'s Opp. to Mot. Dismiss 7.) However, this fact weighs in favor of retaining jurisdiction, not

declining it. Each of these parties will likely be subject to depositions in the Interpleader action itself, and each of the claims they allege against Defendants the Estate and Beasley will surely be broached during their testimony. Separating the Interpleader action from the collective Defendants' Crossclaims would generate a need for additional depositions to be taken and motions to be filed on much of the same material that will be covered in the present suit. This Court can find no reason why it should allow such duplicative litigation.

Moreover, the very purpose of Plaintiff's Interpleader action is to definitively decide the appropriate manner in which to disburse Policy proceeds. Failing to try all of the issues together would undoubtedly and indefinitely prolong resolution of this core issue.

### B. *Defendants' Partial Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim Upon which Relief Can be Granted*

#### 1. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) mandates that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This directive has not been interpreted to require "detailed factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). It does require, however, a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to allow such an inference. Id. (citing Twombly, 550 U.S. at 555).

Where a plaintiff fails to state a claim upon which relief can be granted, or otherwise fails to meet the requirements of Rule 8(a)(2), Federal Rule of Civil Procedure 12(b)(6) permits a party to move the court to dismiss an action. The function of a motion to dismiss under Rule

12(b)(6) is to test the legal sufficiency of the complaint. Neitzke v. Williams, 409 U.S. 319, 326-27 (1989). The Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should be granted only in "very limited circumstances." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). However, dismissal is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988) (citation omitted); Davis v. Hudgins, 896 F. Supp. 561, 566 (E.D. Va. 1995) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). When reviewing the legal sufficiency of a complaint, the Court must construe the factual allegations "in the light most favorable to plaintiff." Schatz, 943 F.2d at 489 (quotation omitted); Davis, 896 F. Supp. at 566 (citing Martin Marietta Corp. v. Int'l Telecomm. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992)).

2. Discussion

In their Crossclaim, the collective Defendants have set forth in detail the factual allegations giving rise to their claims. (Collective Def.'s Crossclaim ¶¶ 10-19, 25-26, 50-52.) Defendants the Estate and Beasley assert that Virginia law governs the Crossclaim and that certain of the collective Defendants' claims do not exist under Virginia law. (Mem. in Supp. Def. Estate's Partial Mot. Dismiss 8-9.) The collective Defendants respond that this choice of law analysis is premature. (Mem. in Resp. to Def. Estate's Partial Mot. Dismiss 5.) We agree. Conducting a choice of law analysis "is fact-intensive and context specific. Due to the complexity of this analysis when confronted with a choice of law issue at the motion to dismiss stage, courts . . . have concluded that it is more appropriate to address the issue at a later stage in the proceedings." North American Technical Svcs., Inc. v. V.J. Techs, Inc., No. 10 CV

1384(AWT), 2011 WL 4538069, *2 (D. Conn. Sept. 29, 2011); see also Clean Earth of Maryland, Inc. v. Total Safety, Inc., No. 2:10cv119, 2011 WL 1627995, *2 (N.D. W. Va. Apr. 28, 2011). The question of what state's substantive law will apply to the Crossclaims cannot be determined at this stage of the litigation, before any discovery has been conducted.

At this phase of the proceedings, the only relevant inquiry is whether the collective Defendants have pled sufficient facts that would entitle them to relief. Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002). We find that they have. Certainly, it may become clear later in this litigation after the parties commence discovery and/or once this Court engages in choice of law analysis that the claims asserted in the Crossclaim are not supported by the relevant state law to be applied. However, at this early stage, and construing the facts in favor of the collective Defendants, as we are bound to do, we simply cannot say that they have alleged insufficient facts to survive a motion to dismiss under Rule 12(b)(6).

### III. CONCLUSION

For the reasons stated herein, Defendant the Estate's Partial Motion to Dismiss is **DENIED** and Defendant Gale Beasley's Partial Motion to Dismiss is **DENIED**.

The Clerk is **DIRECTED** to transmit a copy of this Order to the all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

Norfolk, Virginia

October 21, 2011