IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
NOV 1 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

BANNER LIFE INSURANCE COMPANY,
    Plaintiff,

v.                                            Civil Action No. 2:11cv198

JOHN W. BONNEY
as Administrator of
the ESTATE OF CLYDE B. PITCHFORD, JR., et al.
    Defendants.

## OPINION AND ORDER

This matter is before the Court upon the Motion of Plaintiff Banner Life Insurance Company ("Plaintiff") for Default Judgment as to Defendant Fletcher Pearl Acree ("Defendant Acree"), filed October 13, 2011.

On April 5, 2011, Plaintiff filed a Complaint for Interpleader ("Complaint") against a number of defendants in the above captioned case. On May 31, 2011, Plaintiff filed an Amended Complaint for Interpleader ("Amended Complaint") adding several defendants to this suit. Defendant Acree was named in both the Complaint and Amended Complaint. The Court issued a summons on the Complaint for Defendant Acree on April 18, 2011. Banner issued, by certified mail, copies of the Complaint and Amended Complaint to Defendant Acree's attorney, Mr. Kevin Cunningham, on July 21, 2011, pursuant to an agreement by Mr. Cunningham to file an Acceptance of Service form and Power of Attorney documents with the Court.

On July 25, 2011, Mr. Cunningham received the Acceptance of Service form and copies of the summons, Complaint, and Amended Complaint. On August 3, 2011, Mr. Cunningham returned to the Court an endorsed Acceptance of Service form on behalf of Defendant Acree,

along with Power of Attorney documents showing his authority to act on behalf of Defendant Acree in this matter. Because Defendant Acree never filed a response to Plaintiff's pleadings, Plaintiff filed a Request for Entry of Default on September 22, 2011, which the Clerk entered on September 23, 2011. Plaintiff comes now seeking an entry by Order of this Court for default judgment against Defendant Acree.

Federal Rule of Civil Procedure 55(b)(2) provides that the Court may enter default judgment against a party that has failed to "plead or otherwise defend" against a complaint. As of November, 2011, Defendant Acree has failed to assert any interest in the Policy proceeds or to answer the Complaint or Amended Complaint. This Court is thus empowered to enter a judgment of default.

For the reasons stated herein, we find that Defendant Acree has waived any right or interest in the Policy proceeds that she may have had or has and hereby enjoin her from asserting any future cause of action against Plaintiff relating to any interest she may have had or has in the Policy proceeds.

The Clerk is **DIRECTED** to transmit a copy of this Order to Defendant Acree and to Counsel of Record.

**IT IS SO ORDERED.**

Norfolk, Virginia

/s/
Robert G. Doumar
Senior United States District Judge

November ___, 2011