IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
NOV 1 6 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

BANNER LIFE INSURANCE COMPANY,
   Plaintiff,

v.                                                          Civil Action No. 2:11cv198

JOHN W. BONNEY
as Administrator of
the ESTATE OF CLYDE B. PITCHFORD, JR., et al.
   Defendants.

## OPINION AND ORDER

This matter is before the Court upon the Motion of Plaintiff Banner Life Insurance Company ("Plaintiff") for Default Judgment as to Defendant One Pug Laundry, LLC ("Defendant One Pug"), filed October 13, 2011.

On April 5, 2011, Plaintiff filed a Complaint for Interpleader ("Complaint") against a number of defendants in the above captioned case. On May 31, 2011, Plaintiff filed an Amended Complaint for Interpleader ("Amended Complaint") adding several defendants to this suit. Defendant One Pug was named in the Amended Complaint. The Court issued a summons on the Complaint for Defendant One Pug on June 16, 2011. Banner issued, by certified mail, copies of the Amended Complaint to Janice McKinney, agent for Defendant One Pug, on August 5, 2011.

On or about August 10, 2011, Ms. McKinney received the Acceptance of Service form and copies of the summons and Amended Complaint, and on that date endorsed the Acceptance of Service form and returned it to this Court. On August 18, 2011, the Court entered the Acceptance of Service form on behalf of Defendant One Pug.

Federal Rule of Civil Procedure 12(a)(1)(A)(ii) provides that where a defendant timely waives service of process, the defendant must serve an answer within 60 days after the request for waiver was sent. Fed. R. Civ. P. 12(a)(1)(A)(ii). Plaintiff sent the request for waiver of service to Defendant One Pug on August 5, 2011. The Acceptance of Service form was endorsed and returned to this Court on August 10, 2011. Thus, Defendant One Pug was required to file a responsive pleading to the Amended Complaint no later than October 4, 2011. Defendant One Pug has failed to file any responsive pleading in this case. Plaintiff thus filed a Request for Entry of Default on October 13, 2011, which the Clerk entered on October 14, 2011. Plaintiff comes now seeking an entry by Order of this Court for default judgment against Defendant One Pug.

Federal Rule of Civil Procedure 55(b)(2) provides that a court may enter default judgment against a party that has failed to "plead or otherwise defend" against a complaint. As of November 15, 2011, Defendant One Pug has failed to assert any interest in the Policy proceeds or to answer the Complaint or Amended Complaint. This Court is thus empowered to enter a judgment of default.

For the reasons stated herein, we find that Defendant One Pug has waived any right or interest in the Policy proceeds that it may have had or has and hereby enjoin it from asserting any future cause of action against Plaintiff relating to any interest it may have had or has in the Policy proceeds. The Clerk is **DIRECTED** to transmit a copy of this Order to Defendant One Pug and to Counsel of Record.

**IT IS SO ORDERED.**

Robert G. Doumar
Senior United States District Judge

Norfolk, Virginia
November /6, 2011