

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BANNER LIFE INSURANCE COMPANY,
    Plaintiff,

v.                                                    Civil Action No. 2:11cv198

JOHN W. BONNEY
as Administrator of
the ESTATE OF CLYDE B. PITCHFORD, JR., et al.,
    Defendants.

## OPINION AND ORDER

This matter is presently before the Court upon two motions filed by Defendant One Pug Laundry, LLC ("Defendant One Pug"). For the reasons stated herein, Defendant One Pug's Motion To Set Aside Entry of Default Judgment is hereby **GRANTED** and Defendant One Pug's Motion for Leave to File Responsive Pleadings is hereby **GRANTED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

On November 16, 2005, Plaintiff issued a life insurance policy to insure the life of Clyde B. Pitchford, Jr. The Policy had a "face amount" of approximately $1,000,000, which Plaintiff promised to pay to the beneficiary or beneficiaries of the Policy upon Mr. Pitchford's death, assuming the Policy was still in force at such time. (Pl.'s Am. Compl. Interpleader at 14.) In his insurance application, Mr. Pitchford named his sister, Gale Pitchford Wagner[1], as the primary beneficiary of the Policy, granting her one-hundred percent (100%) of the Policy proceeds. (Id. at 15.) Mr. Pitchford named his father, Clyde B. Pitchford, Sr. as the contingent beneficiary,

---

[1] Gale Pitchford Wagner is hereafter referred to as Gale Beasley in light of other documents submitted to Plaintiff by Mr. Pitchford referring to his sister as "Gale Beasley" and in light of documents filed by "Gale Beasley" to this Court.

granting him one-hundred percent (100%) of the Policy proceeds in the event the primary beneficiary pre-deceased the insured. (Id.)

Beginning in 2009, Plaintiff began receiving communications allegedly signed by Mr. Pitchford and purporting to change the beneficiaries of the policy. (Id. at 15.) On January 26, 2011, Mr. Pitchford died in his home. Plaintiff received notice of Mr. Pitchford's death on January 31, 2011, and therafter began receiving letters from certain individuals and entities asserting claims against the Policy. (Id. at 17.) As the bases for these claims, each of these individuals cited a Promissory Note and a factoring contract or series of factoring contracts for various amounts purportedly entered into by Mr. Pitchford and/or 20-20 Recruiting, Inc. or by Mr. Pitchford on behalf of the same. (Id. at 17-26.) The contracts cited by these claimants purport to assign the principal amounts on the respective contracts to the respective claimants from the Policy proceeds. (See id.)

On April 5, 2011, Plaintiff filed a Complaint for Interpleader ("Complaint") in order to determine the proper beneficiary or beneficiaries under the Policy. On May 31, 2011, Plaintiff filed an Amended Complaint for Interpleader ("Amended Complaint") adding several defendants, including Defendant One Pug, to this suit. The Court issued a summons on the Complaint for Defendant One Pug on June 16, 2011. Plaintiff issued, by certified mail, copies of the Amended Complaint to Janice McKinney, agent for Defendant One Pug, on August 5, 2011. On August 10, 2011, Ms. McKinney received the Acceptance of Service form and copies of the summons and Amended Complaint, and on that date endorsed the Acceptance of Service form and returned it to this Court. On August 18, 2011, the Court entered the Acceptance of Service form on behalf of Defendant One Pug.

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(ii), which requires a defendant to answer a complaint within sixty days after waiver or acceptance of service, Defendant One Pug was required to file a responsive pleading no later than October 4, 2011. Because Defendant One Pug failed to do so, Plaintiff filed a Request for Entry of Default Judgment on October 13, 2011, which the Clerk of Court granted on October 14, 2011. Subsequently, this Court entered a Judgment of Default, grounded in Federal Rule of Civil Procedure 55(b), against Defendant One Pug on November 16, 2011. On December 14, 2011, Defendant One Pug filed a Motion to Set Aside Default.

Plaintiff does not oppose Defendant One Pug's Motion to Set Aside Default. (Docket No. 142.) However, on December 20, 2011, Defendants John W. Bonney and Gale Beasley (hereinafter "the Estate") filed a Memorandum in Opposition to Motion to Set Aside Default Judgment. (Docket No. 145.)

## II. LEGAL STANDARD

The entry of default judgment pursuant to Rule 55(b) against a party to litigation is a final judgment. *See United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004) ("In contrast to the entry of default under Rule 55(a), a Rule 55(b) judgment by default is a 'final disposition of the case and an appealable order' that has the same effect as a judgment rendered after trial on the merits") (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d, § 2684* (1998)). Where a final judgment has been entered, the court may amend such judgment only for the following reasons: (i) "mistake, inadvertence, surprise, or excusable neglect;" (ii) newly discovered evidence; (iii) fraud, misrepresentation, or misconduct by an opposing party; (iv) the judgment is void; (v) "the

judgment has been satisfied, released or discharged . . .;" or (vi) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

"[B]efore a party may seek relief under Rule 60(b), it first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Once the party has met this burden, it must then show that it can satisfy at least one of the six grounds for relief enumerated in Rule 60(b). Because default judgment "is a particularly harsh result," however, the Fourth Circuit "'has taken an increasingly liberal view of Rule 60(b)' where default judgments are at issue." *Points PCS, LLC v. Sea Haven Realty and Constr.*, 95 Fed.Appx. 24, *2 (4th Cir. 2004) (quoting *August Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810-11 (4th Cir. 1988)). Indeed, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Therefore, "any doubt as to the propriety of giving relief must be resolved in the movant's favor when the movant bears no personal responsibility for the error which led to the default." *August Fiberglass*, 843 F.2d at 811. When a "party is blameless and the attorney is at fault . . . a default judgment should ordinarily be set aside." *Id.* However, "[w]hen the party [itself] is at fault," the party must show "excusable neglect" in order to merit relief under Rule 60(b). *Id.*

### III. ANALYSIS

Where a party acknowledges receipt of pre-default pleadings and communications but nonetheless fails to file any response to a valid complaint, courts generally find that such failure to respond is inexcusable and decline to disturb an entry of default judgment. *See Point PCS*, 95

Fed.Appx. at *2 (rejecting defendant's contention that it had "no responsibility for the conduct in this case" and denying Rule 60(b) relief where defendant was aware of the suit but counsel failed to timely respond to any of plaintiff's filings); *Christian Science Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209 (4th Cir. 2001) ("Given that [defendant] was concededly aware of the Board's suit, and yet failed to respond or appear prior to the entry of the Default Judgment, we will not disturb the district court's denial of Rule 60(b) relief upon its finding that the Nolan Defendants' neglect was inexcusable"); *Heyman v. M.L. Marketing Co.*, 116 F.3d 91, 96 (4th Cir. 1997) (denying Rule 60(b) relief where defendant was aware of the complaint and failed to respond). However,

Here, Defendant One Pug executed a valid waiver of service, thereby acknowledging receipt of Plaintiff's Complaint, but nonetheless failed to make any other filing. Defendant One Pug's purported excuse for failing to timely respond to Plaintiff's Complaint for Interpleader is that One Pug owner Janice McKinney had some difficulty retaining local counsel in Virginia while residing in Missouri. The Estate counters that this does not qualify as "excusable neglect" and thus does not satisfy the threshold requirements of Rule 60(b). Defendant One Pug, in turn, responds that (i) its request for removal of default was timely; (ii) that it has a meritorious claim with respect to Plaintiff's interpleader action; and (iii) that the Estate has failed to show that a removal of default would be prejudicial. Therefore, Defendant One Pug argues, removal of default is justified in this instance. *See Dowell*, 993 F.2d at 48 (enumerating the factors necessary for removal of default under Rule 60(b)). We agree.

1. <u>One Pug's Motion for Removal of Default was Filed within a "Reasonable" Time</u>

All motions for relief under Rule 60(b) "must be made within a reasonable time." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). In this case, the Court granted

Plaintiff's Motion for Entry of Default Judgment against Defendant One Pug on November 16, 2011, (Docket No. 134), and Defendant One Pug filed its Motion to Set Aside Entry of Default on December 14, 2011. (Docket No. 140.) The twenty-eight days which elapsed between the entry of default judgment and the filing of Defendant One Pug's motion is plainly "reasonable" in light of the interpretation of timeliness adopted by this Circuit. *See Werner*, 731 F.2d at 207 (a lapse of eleven weeks between the final judgment and the moving party's request for relief was "clearly within a reasonable time"); *Park*, 812 F.2d at 896 ("In this case, there is no question that Lexington's motion for relief from the default judgment was timely . . . Lexington filed its motion for relief under Rule 60(b) within five months of the date the default judgment was entered and within fifteen days of the date it learned of the judgment."). Accordingly, Defendant One Pug meets the first threshold requirement for relief under Rule 60(b).

2. One Pug Has a Meritorious Claim to the Policy at Issue

"[A]ll that is necessary to establish the existence of a 'meritorious defense' is the presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). The instant litigation is an interpleader action filed to resolve any dispute about the proper beneficiaries of the life insurance policy at issue. "The appropriate resolution of the interpleader action is to absolve the stakeholder from the threat of multiple liability by determining which of the claimants is entitled to the stake." *See Equitable Life Assurance Soc'y v. Jones*, 679 F.2d 356, 358, n.2 (4th Cir. 1982). Therefore, to show a "meritorious defense" to this action, Defendant One Pug must show that it has a plausible stake to the life insurance proceeds.

Defendant One Pug's claim that it is entitled to receive a portion of the life insurance policy is based on certain promissory notes entered into between itself, Clyde Pitchford, the

decedent and the holder of the life insurance policy, and 20-20, Mr. Pitchford's business enterprise. Defendant One Pug claims that Mr. Pitchford agreed to pay to Defendant One Pug the sum of $75,000, plus interest, and that Mr. Pitchford agreed to assign and/or did assign a portion of the life insurance proceeds equal to the principal amount owed on the promissory notes. Finally, Defendant One Pug claims that, because Mr. Pitchford never repaid the amounts due under the promissory notes, Defendant One Pug is entitled to a portion of the life insurance proceeds. This argument is substantially similar to that relied upon by other defendants in this case. As with the other defendants who have asserted this claim, Defendant One Pug's proffer of evidence, if found to be true, may permit a finding in favor of Defendant One Pug. Therefore, Defendant One Pug has satisfied the second threshold requirement for relief under Rule 60(b).

3. The Estate Has Not Shown That Any Non-Moving Party Will be Prejudiced by Removal of Default

To determine if any non-moving party will be prejudiced by the removal of default judgment against Defendant One Pug, the Court must consider the current status of the litigation. *See Colleton Preparatory Academy*, 223 F.R.D. at 407 ("The prejudice to plaintiff in this case rests, as it often does with default, in the delay in the proceedings"); *Wong v. Arizona*, 61 F.3d 902, *2 (4th Cir. 1995) (denying Rule 60(b) relief where request for removal of default was filed after the trial had occurred). The instant case is at an early stage in the litigation process. Indeed, Plaintiff is presently still identifying potential claimants to the life insurance policy proceeds, and no determination has been made as to any of the defendants' respective rights to the policy proceeds.[2] The Estate's argument that it would be unfair to allow Defendant One Pug to re-enter the litigation in light of the fact that other defendants have timely responded to

---

[2] On December 9, 2011 (five days before Defendant One Pug filed its Motion for Removal of Default), Plaintiff filed a Second Amended Complaint in which it substituted six named defendants in place of the John and Jan Does named in the First Amended Complaint. (Docket No. 139.)

Plaintiff's Complaint for Interpleader is hollow. Certainly, the defendants who have responded to the Complaint have expended substantial time and expense to do so. But allowing Defendant One Pug to participate in the litigation has no bearing on the expenditure of these resources. It seems instead that the Estate's true motive in attempting to prevent Defendant One Pug from re-entering the litigation is that it wishes to forestall the addition of any further claimants to the insurance proceeds, which are insufficient to cover the amount of the claims asserted in this matter. Therefore, the Estate has failed to show that any party to this litigation would be prejudiced by the Court's removal of default judgment against Defendant One Pug.

### 4. Rule 60(b) Provides a Basis for Setting Aside the Default Judgment Against One Pug

Having determined that Defendant One Pug has met the threshold requirements for removal of default judgment, the Court must next assess whether Rule 60(b) provides a basis for such relief. Rule 60(b)(1) allows relief from a final order where the party in default has committed "excusable neglect." Fed R. Civ. P. 60(b)(1). Here, Defendant One Pug claims that it failed to timely respond to Plaintiff's Complaint because, being domiciled in Missouri, it had difficulty retaining local counsel in Virginia to defend the action. Although Defendant One Pug's failure to respond was not the product of attorney error – nearly always treated as excusable error by courts in this district—it also was not the product of Defendant One Pug's "willful blindness" or attempt to manipulate the litigation process. *Cf. Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 413 (4th Cir. 2010) (upholding denial of Rule 60(b) relief where the court found that defendant's counsel engaged in "willful blindness"). Moreover, not only was Defendant One Pug's failure to respond not the product of any bad faith, it also apparently was not the product of sloth or laziness on One Pug's part. According to One Pug's Reply in Support of Removal of Default (Docket No. 151), Defendant One Pug consulted with multiple

attorneys in an attempt to secure representation but was ultimately unable to do so before the Rule 12(a)(1)(A)(ii) deadline passed. That Defendant One Pug purportedly has no ties to the Commonwealth of Virginia—excluding its alleged dealings with Mr. Pitchford—supports its contention that its inability to timely retain counsel was, at worst, excusable neglect. Therefore, Defendant One Pug is entitled to relief under Rule 60(b)(1). *See United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

## IV. CONCLUSION

For the foregoing reasons, and in light of the fact that "the extreme sanction of judgment by default is reserved only for cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court," Defendant One Pug's Motion for Removal of Default is hereby **GRANTED**. *Mobil Oil Co. de Venez. V. Parada Jimenez*, 989 F.2d 494, at *3 (4th Cir. 1993). Moreover, because the Court finds that it is in the interests of justice to allow Defendant One Pug to respond to Plaintiff's Complaint, Defendant's Motion for Leave to File is hereby **GRANTED**, and Defendant One Pug is hereby **ORDERED** to file responsive pleadings to Plaintiff's Second Amended Complaint within 30 days of the entry date of this Order. The Clerk of Court is **DIRECTED** to send a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Douman
Senior United States District Judge

Norfolk, Virginia
January 6, 2012