IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



BANNER LIFE INSURANCE COMPANY,
Plaintiff,

v.  Civil Action No. 2:11cv198

JOHN W. BONNEY
as Administrator of
the ESTATE OF CLYDE B. PITCHFORD, JR., et al.,
Defendants.

## OPINION AND ORDER

This matter is presently before the Court upon Defendant Equity Trust Company Custodian FBO Bradly Beebe IRA's ("Beebe IRA") Motion To Set Aside Clerk's Entry of Default and Motion for Leave to File Answer to Plaintiff's Second Amended Complaint. For the reasons stated herein, Plaintiff's Motions are hereby **GRANTED**.

On November 16, 2005, Plaintiff issued a life insurance policy to insure the life of Clyde B. Pitchford, Jr. The Policy had a "face amount" of approximately $1,000,000, which Plaintiff promised to pay to the beneficiary or beneficiaries of the Policy upon Mr. Pitchford's death, assuming the Policy was still in force at such time. (Pl.'s Am. Compl. Interpleader at 14.) In his insurance application, Mr. Pitchford named his sister, Gale Pitchford Wagner[1], as the primary beneficiary of the Policy, granting her one-hundred percent (100%) of the Policy proceeds. (Id. at 15.) Mr. Pitchford named his father, Clyde B. Pitchford, Sr. as the contingent beneficiary, granting him one-hundred percent (100%) of the Policy proceeds in the event the primary beneficiary pre-deceased the insured. (Id.)

---

[1] Gale Pitchford Wagner is hereafter referred to as Gale Beasley in light of other documents submitted to Plaintiff by Mr. Pitchford referring to his sister as "Gale Beasley" and in light of documents filed by "Gale Beasley" to this Court.

Beginning in 2009, Plaintiff began receiving communications allegedly signed by Mr. Pitchford and purporting to change the beneficiaries of the policy. (Id. at 15.) On January 26, 2011, Mr. Pitchford died in his home. Plaintiff received notice of Mr. Pitchford's death on January 31, 2011, and therafter began receiving letters from certain individuals and entities asserting claims against the Policy. (Id. at 17.) As the bases for these claims, each of these individuals cited a Promissory Note and a factoring contract or series of factoring contracts for various amounts purportedly entered into by Mr. Pitchford and/or 20-20 Recruiting, Inc. or by Mr. Pitchford on behalf of the same. (Id. at 17-26.) The contracts cited by these claimants purport to assign the principal amounts on the respective contracts to the respective claimants from the Policy proceeds. (See id.)

On April 5, 2011, Plaintiff filed a Complaint for Interpleader ("Complaint") in order to determine the proper beneficiary or beneficiaries under the Policy. Beebe IRA was not named as a defendant in the Complaint. On May 31, 2011, Plaintiff filed an Amended Complaint for Interpleader ("Amended Complaint") adding several defendants to this suit. Beebe IRA was not named as a defendant in the Amended Complaint. On December 9, 2011, Plaintiff filed a Second Amended Complaint for Interpleader ("Second Amended Complaint"), again adding several new defendants, including Beebe IRA, to this case.

Beebe IRA was served with the Second Amended Complaint on January 31, 2012. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(ii), which requires a defendant to answer a complaint within sixty days after waiver or acceptance of service, Defendant Beebe IRA was required to file a responsive pleading no later than February 21, 2012. Because beebe IRA failed to do so, Plaintiff filed a Request for Entry of Default Judgment, which the Clerk of

Court granted on May 1, 2012. As of the date of this Order, Plaintiff has not filed a Motion for Default Judgment against Beebe IRA.

On June 11, 2012, Beebe IRA filed the instant Motion to Set Aside Default, as well as a Motion for Leave to File Answer to Second Amended Complaint. On June 12, 2012, Plaintiff filed a response to Beebe IRA's Motion to Set Aside Default, indicating that it does not oppose said motion. Beebe IRA indicates that his failure to timely respond to Plaintiff's Second Amended Complaint for Interpleader was not the result of bad faith or any intent to delay the proceedings. Plaintiff, apparently, agrees.

The Court finds in the interests of justice and for good cause shown, Beebe IRA's request for removal of default is hereby **GRANTED** and Beebe IRA's Motion for Leave to File Answer to Second Amended Complaint is hereby **GRANTED**. The Clerk of Court is **DIRECTED** to send a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 18, 2012

/s/
Robert G. Doumar
Senior United States District Judge