IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JUL 2 6 2012

**BANNER LIFE INSURANCE COMPANY,**
Plaintiff,

v.                                                   Civil Action No. 2:11cv198

**JOHN W. BONNEY**
as Administrator of
the **ESTATE OF CLYDE B. PITCHFORD, JR.**, et al.,
Defendants.

## OPINION AND ORDER

This matter is presently before the Court upon Plaintiff Banner Life Insurance Company's ("Plaintiff") Motion to Dismiss, filed June 25, 2012. Plaintiff indicates that all remaining persons having a purported interest in the proceeds of the life insurance policy of Clyde B. Pitchford, Jr. at issue in this case have been properly served. However, as Plaintiff acknowledges, Defendant Christopher W. Dyer was deceased[1] prior to service of Plaintiff's Second Amended Complaint. The decedent's wife, Phyllis Dyer, also a party to this litigation, informed Plaintiff's counsel of her husband's death by notarized letter on March 27, 2012, which Plaintiff's counsel filed with the Court on March 30, 2012. Plaintiff then filed the Suggestion on Record of Party's Death on June 28, 2012.

Rule 25 of the Federal Rules of Civil Procedure provides that, "If a party dies and the claim is not extinguished . . . [a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). There is no indication in the record that the Estate of Christopher W. Dyer has

---

[1] According to the Suggestion on Record of Party's Death, Mr. Dyer died on March 17, 2012.

properly been served. Accordingly, the Court hereby **ORDERS** Plaintiff serve the Suggestion of Death and the Second Amended Complaint on the Estate of Christopher W. Dyer within **20 days** of the entry of this Order. Such service must be carried out in compliance with Federal Rule of Civil Procedure 5. The Court will take Plaintiff's Motion to Dismiss **UNDER ADVISEMENT** until the passage of the 90 day period provided for in Rule 25, or until the decedent's Estate files notice with the Court that it intends either to substitute a party on behalf of the decedent or not to pursue its potential claim against the Policy.

The Clerk of Court is **DIRECTED** to send a copy of this Order to all Counsel of Record and *pro se* Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
July __, 2012

/s/
Robert G. Doumar
Senior United States District Judge